UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
VICTOR LOPEZ, *on behalf of all other persons similarly*                :
*situated*,                                                             :
                                                                        :
                                    Plaintiffs,                         :      19-CV-9913 (JMF)
                                                                        :
                    -v-                                                 :      MEMORANDUM OPINION
                                                                        :      AND ORDER
THE STOP & SHOP SUPERMARKET COMPANY                                     :
LLC,                                                                    :
                                                                        :
                                    Defendant.                          :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       This case, brought by Victor Lopez against the Stop & Shop Supermarket Company LLC ("Stop & Shop"), is one of dozens recently filed in this District — many by the same plaintiffs and lawyers — challenging restaurants, stores, and other establishments for their failures to sell gift cards that are accessible to the blind. The Second Circuit has not yet confronted such a challenge, but may do so soon. *See* Order, *Mendez v. AnnTaylor, Inc.*, No. 20-1550, ECF No. 40 (2d Cir. June 24, 2020) (consolidating related appeals and setting an expedited briefing schedule). In the meantime, judges in this District have been uniform in rejecting these suits. Some judges have done so on jurisdictional grounds, holding that the plaintiff bringing the suit lacks Article III standing. *See, e.g.*, *Dominguez v. Banana Republic, LLC*, — F. Supp. 3d — , No. 19-CV-10171 (GHW), 2020 WL 1950496, at *4 (S.D.N.Y. Apr. 23, 2020); *Dominguez v. Pizza Hut of America, LLC*, No. 19-CV-10175 (MKV), 2020 WL 3639977, at *3-4 (S.D.N.Y. July 6, 2020). Some judges have done so on the merits, holding, among other things, that Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq.*, the federal law

on which these suits rely, does not require public accommodations to sell accessible gift cards. *See, e.g.*, *Banana Republic, LLC*, 2020 WL 1950496, at *5-7; *Thorne v. Boston Market Corp.*, No. 19-CV-9932 (RA), 2020 WL 3504178, at *8-10 (S.D.N.Y. June 29, 2020); *Dominguez v. Taco Bell Corp.*, — F. Supp. 3d — , No. 19-CV-10172 (LGS), 2020 WL 3263258, at *4 (S.D.N.Y. June 17, 2020). Not surprisingly, Stop & Shop moves to dismiss on both grounds. *See* ECF Nos. 21 ("Motion") & 22 ("Def.'s Mem."), at 2-3.

Under the circumstances, the Court feels no need to spill much new ink on either of the two issues. Instead, with respect to the issue of standing, it suffices to say that the Court is persuaded by the thoughtful and well-reasoned decision of Judge Abrams in *Boston Market Corp*. to conclude that Lopez does have Article III standing. Lopez's allegations here are indistinguishable from the plaintiffs' allegations in *Boston Market Corp*. In fact, the complaints in the two cases, which were drafted and filed (three days apart) by the same counsel, are — with the exception of the parties' names and relevant dates — nearly verbatim copies of one another. *Compare, e.g.*, ECF No. 19 ("FAC") (Feb. 11, 2020), ¶¶ 16, 21, 25, 57, 59, *with* First Amended Class Action Complaint, *Thorne v. Boston Market Corp.*, 19-CV-9932 (RA), ECF No. 17 (Feb. 14, 2020), ¶¶ 16, 21, 25, 57, 59, *and Boston Market Corp.*, 2020 WL 3504178, at *3-5. Although the standing issue is "close," the Court shares Judge Abrams's view that these allegations — taken as true — are sufficient to survive a motion to dismiss. *Boston Market Corp.*, 2020 WL 3504178, at *3-4; *see also Taco Bell Corp.*, 2020 WL 3263258, at *2-3.

With respect to the merits, the Court also follows Judge Abrams, whose persuasive decision built on the cogent initial analysis of Judge Woods in *Banana Republic, LLC*, to conclude that selling non-accessible gift cards does not run afoul of the ADA. Notably, her decision addresses all of the arguments that Lopez makes here (a fact that is not surprising

because, like the complaints in the two cases, the memoranda of law in opposition to the motions to dismiss in the two cases are nearly identical). *Compare* ECF No. 33 ("Opp'n"), at 17-23, *with* Memorandum of Law in Opposition to Defendant's Motion to Dismiss, *Thorne v. Boston Market Corp.*, 19-CV-9932 (RA), ECF No. 28 (Mar. 19, 2020), at 15-21. First, gift cards are not a public accommodation, distinguishing this case from the website accessibility cases that have also been a staple of ADA litigation in this District in recent years. *See Boston Market Corp.*, 2020 WL 3504178, at *7-8. Second, a gift card is a good, not a currency service, and the ADA by its terms — and per implementing regulations, *see* 28 C.F.R. §§ 36.307(a)-(c) — does not require that goods be sold in accessible form, let alone in the form demanded by Lopez or any particular customer. *Boston Market Corp.*, 2020 WL 3504178, at *8-10. Finally, conclusory allegations aside, Lopez does not come close to pleading that he made the necessary inquiry into whether Stop & Shop provides other auxiliary aids besides Braille gift cards, and so he cannot establish that Stop & Shop "fails to offer appropriate" or sufficient "auxiliary aids or services to assist visually impaired people in using its gift cards." *Id*. at *10-12.

Thus, the Court concludes that Lopez's ADA claim must be and is dismissed. That leaves two remaining issues: whether to exercise supplemental jurisdiction over Lopez's claims under state and local law and whether to grant Lopez leave to amend. Neither requires extensive analysis. With respect first, having dismissed Lopez's only federal claim, the Court declines to exercise supplemental jurisdiction over his other claims. Under 28 U.S.C. § 1367(a), a district court has discretion over whether to exercise supplemental jurisdiction over state- and local-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The Supreme Court and the Second Circuit have made clear, however, that, as a general rule, "when

the federal claims are dismissed the 'state [and local] claims should be dismissed as well.'" *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *accord Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 726-27 (2d Cir. 2013). Here, there is no basis to depart from that general rule. The case is, as a legal matter, still at an early stage. Thus, the traditional "values of judicial economy, convenience, fairness, and comity" that the Court must consider do not counsel in favor of exercising jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Moreover, the claims raise "novel" issues of state and local law. 28 U.S.C. § 1367(c). Accordingly, Lopez's claims under state and local law are dismissed without prejudice to refiling in state court. *See Banana Republic, LLC*, 2020 WL 1950496, at *12 (declining to exercise supplemental jurisdiction); *Boston Market Corp.*, 2020 WL 3504178, at *12 (same); *Taco Bell Corp.*, 2020 WL 3263258, at *6 (same).

As for whether to grant Lopez leave to amend, the Court declines to do so. Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). In this case, leave to amend is not warranted because the problems with Lopez's ADA claim are substantive, and while Lopez requests leave to amend in his Opposition, he does not argue that he possesses any additional facts that could cure the defects in that claim. *See* Opp'n 24; *see, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Furthermore, Lopez was on notice of Stop & Shop's arguments when

he filed the amended complaint in response to Stop & Shop's original motion to dismiss, and Lopez was expressly warned that he would "not be given any further opportunity" to amend the complaint. ECF Nos. 16-19; *see, e.g.*, *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257-58 (2d Cir. 2018) ("When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first." (alteration and internal quotation marks omitted)). Finally, Lopez is represented by the same counsel and filed nearly verbatim copies of the complaints and opposition papers as in *Banana Republic, LLC* and *Taco Bell Corp.*, and in each of those cases, the plaintiff opted not to file second amended complaints when given leave to do so. *Banana Republic, LLC*, ECF Nos. 28, 31; *Taco Bell Corp.*, ECF Nos. 50-51. In light of these circumstances, the Court will not grant leave to amend.

In short, Stop & Shop's motion to dismiss must be and is granted. The Clerk of Court is directed to terminate ECF No. 21, and to close this case.

SO ORDERED.

Dated: July 21, 2020
New York, New York

JESSE M. FURMAN
United States District Judge